IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JANE DOE 8                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:14CV34-NBB-SAA

RUST COLLEGE, JOHNNY                                                                       DEFENDANTS
MCDONALD, and DAVID BECKLEY,
in his official capacity as President
of Rust College

MEMORANDUM OPINION

Presently before the court is Defendant Johnny McDonald's motion to dismiss for failure to state a claim. Upon due consideration of the motion and complaint, the court is ready to rule.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Jane Doe 8, attended Rust College, a defendant in this action. Beginning in 2010, Plaintiff allegedly endured an onslaught of sexual harassment from Defendant Johnny McDonald. Plaintiff was forced to interact with McDonald because he was her assigned study advisor. On one occasion McDonald allegedly asked Plaintiff to come to his office. Plaintiff asserts that when she arrived, McDonald propositioned her and that he placed either a debit or credit card on his desk, slid it over to Plaintiff, and then proceeded to unzip his pants and display himself. Plaintiff left immediately but did not report the incident. Plaintiff, however, alleges that she continued to suffer through more of McDonald's unwanted sexual advances and eventually filed a written complaint with Rust College administration. McDonald was subsequently asked to resign though he was later rehired after Plaintiff's graduation.

On February 14, 2014, Plaintiff filed a complaint in this court against Defendants Rust College, Johnny McDonald, and David Beckley, the President of Rust College. Plaintiff asserts claims of violation of Title IX; negligence; negligent hiring, supervision, and retention; premises

1

liability; and intentional infliction of emotional distress. Defendant Johnny McDonald filed this motion to dismiss for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement… showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000). When deciding a 12(b)(6) motion to dismiss, the court "must limit itself to the contents of the pleadings, including attachments thereto." *Id.* at 498.

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in a complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Any legal conclusions in a complaint must be supported by factual allegations. *Id.* Ultimately, plaintiff's complaint must "nudge his claims… across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 547). " A rule 12(b)(6) motion to dismiss for failure to state a claim is the proper vehicle by which to assert a

limitations defense where a plaintiff's complaint shows affirmatively that his claims are time barred." *Doe v. Linam, et al.*, 225 F. Supp. 2d 731, 734 (S.D. Tex. 2002) (citing *Herron v. Herron*, 225 F.2d 589, 593 (5th Cir. 1958)).

## ANALYSIS

Defendant asserts that dismissal of Plaintiff's claims against him is appropriate for two reasons. Defendant first argues that Plaintiff's claims are time-barred. Defendant also posits that none of Plaintiff's claims are directed at him but are instead claims solely against Rust College. Because the court finds that these claims are time-barred, it will not discuss the merits of Defendant's second argument.

The court first addresses this argument in regard to Plaintiff's claim that Defendant violated Title IX of the Education Amendments. Rust College is a private educational institution located in Holly Springs, Mississippi. Title IX of the Education Amendments of 1972 prohibits any educational institution receiving federal financial assistance from discriminating on the basis of sex. 20 U.S.C. § 1681 *et seq.* Rust College is a recipient of federal funds and as a result is bound by Title IX. Congress, however, has not provided a statute of limitations applicable to claims brought under Title IX. The court, therefore, must "borrow" a limitations period from the most closely analogous state statute. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 158 (1983). Title IX claims in Mississippi borrow the three-year general personal injury limitations period. *See Chestang v. Alcorn State University*, 820 F. Supp. 2d 772, 777 (S.D. Miss. 2011); Miss. Code Ann. § 15-1-49.

Plaintiff's claims for negligence; negligent hiring, supervision, and retention; and premises liability are also subject to Mississippi's three-year general personal injury limitations period. *See Pitt v. Watkins*, 905 So. 2d 553, 558 (Miss. 2005) (holding that § 15-1-49 applies to

claims for negligence); *Carter v. Citigroup*, 938 So. 2d 809, 817 (Miss. 2006) (holding that § 15-1-49 applies to claims for negligent hiring). Plaintiff's claim for intentional infliction of emotional distress is subject to a one-year limitations period. Miss. Code Ann. § 15-1-35. *See also Jones v. B.L. Development Corp.*, 940 So. 2d 961 (Miss. Ct. App. 2006) (applying § 15-1-35 to a claim for intentional infliction of emotional distress).

The conduct giving rise to this action occurred in 2010. In accordance with the applicable statutes of limitations, Plaintiff must have filed her claims for violation of Title IX; negligence; negligent hiring, supervision, and retention; and premises liability within three years — that is, by the year 2013. In accordance with the applicable limitations period for the intentional infliction of emotional distress claim, Plaintiff must have brought such claim within a year, or by the year 2011. Plaintiff, however, did not file her complaint until February 14, 2014. Plaintiff's claims against Defendant are, consequently, time-barred.

## CONCLUSION

For the foregoing reasons, the court finds that Defendant's motion to dismiss for failure to state a claim is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This, the 18th day of March, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**